No. 424

ANDERSON v. TAYLOR

Ohio Appeals, 9th Dist., Summit Co.

No. 1120. Decided March 22, 1926

118. AUTOMOBILES—A garage man is liable for damage done through negligent repair of automobile.

355. DAMAGES—A wrongdoer is liable for his wrongful acts whether such acts arose out of tort or contract.

WASHBURN, J.

Philip Taylor, owner of an automobile, took same into the garage of Fred Anderson for repairs. Anderson, in making said repairs negligently failed to replace the steering apparatus on said automobile, as a result of which, Taylor, while driving on a road, lost control of said auto and collided with an automobile coming in the opposite direction, causing considerable damage to his own car.

Anderson claimed that in view of the fact that the transaction between himself and Taylor amounted to a mere mutual bailment, and as he himself did not damage the machine, he is not liable for what occurred after the machine left his possessoin.

Judgment was rendered for Taylor in the Akron Municipal Court and affirmed by the Summit Common Pleas. Error was prosecuted by Anderson and the Court of Appeals held:

1. There is a duty, in a bailment of this nature, owing by the bailee to use ordinary care, and reasonable skill in repairing an automobile, and if the bailor is damaged by the failure of that duty, the bailee is liable for the damage caused thereby even after the machine has left his possession.

2. A wrongdoer is liable for the natural and probable consequences of his acts whether such acts arose out of tort or out of contract.

Judgment affirmed.

Attorneys—D. W. Alexander for Anderson; James Olds for Taylor; both of Akron.